THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEON SMITH, Defendant-Appellant.

First District (4th Division)   No. 60859

Opinion filed April 14, 1976.—Rehearing denied May 5, 1976.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael E. Shabat, Assistant State's Attorneys, and John J. Verscaj, Law Student, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Leon Smith, was charged by complaint with unlawful use of weapons in that he knowingly carried a loaded firearm concealed on or about his person. After a jury trial, defendant was found guilty and sentenced to a term of 364 days in the House of Correction.

On appeal, defendant contends that (1) he was not proven guilty beyond a reasonable doubt; (2) the court erroneously admitted into evidence two shotgun shells and two stocking masks since they had no connection to the defendant or the crime with which he was charged; (3) the prosecutor improperly implied throughout the trial that defendant was engaged in a robbery; (4) the court erroneously denied defendant the right to cross-examine a witness on his prior inconsistent statement; (5) the trial judge took judicial notice of a contested fact which was neither

common knowledge nor so capable of verification as to be beyond controversy; and (6) the trial court erroneously instructed the jury as to appropriate procedures for its deliberation.

In view of our decision to reverse and remand the case for a new trial, we need only summarize the evidence briefly. On July 14, 1972, two police officers observed defendant and one Charles Payton near an apartment building. They testified that when defendant saw them, he dropped a shotgun and walked away from it with Payton. The officers then placed defendant under arrest and retrieved the gun which they found to be loaded with one shell. Upon searching defendant and Payton, the officers recovered two additional shotgun shells and two nylon stocking masks.

Defendant took the stand in his own defense and denied possession of any of the articles. He further denied that he had any knowledge of the shotgun and that he was walking with Payton.

The record reveals several instances wherein the prosecutor implied that defendant was engaged in a robbery. The first such instance occurred in his opening statement to the jury when he stated, "* * * the two police officers involved, observed Mr. Smith drop what appeared to them to be a rifle, a large object. * * * They immediately proceeded across the street where both Mr. Smith and his companion answered to the description of some suspects that they had been notified about, that they immediately proceeded across the street, that they immediately approached the Defendant and his companion and stopped for an inquiry."

The record further shows that James Bauer, one of the arresting officers, was asked on direct examination why he was at that particular location at that particular time. He answered that he was working on a robbery pattern which had been occurring in that area. The following courtroom colloquy then took place:

"MR. O'MALLEY: Now, Officer, prior to that time [the time of the arrest] or just prior to that time, did you have occasion to receive information concerning any robbery suspects in the area?

MR. MOTTA: Objection.

MR. LIND: Objection. That would be hearsay.

THE COURT: Objection overruled. He may answer.

THE WITNESS: No, sir, not at that time."

On cross-examination defendant was asked whether he had ever been in the building near which he was arrested, or at a party in that building. He responded that he had not. The prosecutor then asked defendant, "Isn't it true that you and Mr. Payton were planning to rob somebody in that building?" The court sustained an objection to the question.

The record is clear that the State produced no evidence that a robbery had occurred in this particular location. Nor is there any evidence that an attempt was made for that purpose by defendant. The general rule is that evidence of other crimes wholly independent and disconnected from that for which the accused is being tried is not admissible until it is shown that a crime occurred and that the accused committed it or participated in its commission. (*People v. Tranowski,* 20 Ill. 2d 11, 169 N.E.2d 347, *cert. denied,* 364 U.S. 923, 5 L. Ed. 2d 262, 81 S. Ct. 290; *People v. Scott,* 13 Ill. App. 3d 620, 301 N.E.2d 118.) Thus, under these circumstances the prosecutor's conduct was highly improper when he asked defendant if it were true that he and Payton were planning to rob somebody in the building. Although the court sustained an objection to the question, there can be no doubt that the damage was irreparable, for the notion that defendant was engaged in a robbery was securely lodged in the minds of the jurors. This is particularly true in light of another improper comment by the prosecutor in his opening statement wherein he informed the jury that defendant and his companion answered the description of some suspects about whom the police had been notified. We recognize that considerable latitude must be allowed in argument, but it is elementary that such a statement exceeds the realm of fair comment when no evidence is produced to substantiate the claim.

Other errors are assigned, but since the case must be retried, we do not think it necessary to discuss them now. No doubt, the errors which were made at the former trial can be corrected when the case is retried.

We find that unfair and prejudicial tactics to which the prosecutor resorted denied the defendant a fair trial, and therefore, this cause is reversed and remanded for a new trial.

Reversed and remanded.

JOHNSON, P. J., and ADESKO, J., concur.